**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                 Case No. 94-CR-81261

ROBERT J. MURILLO,

       Defendant.
                                   /

**OPINION AND ORDER DENYING DEFENDANT'S "MOTION TO VACATE
PURSUANT TO RULE 60(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE"**

Defendant Robert J. Murillo was convicted by jury trial in December 1995. On direct appeal, the Sixth Circuit Court of Appeals affirmed his drug convictions and reversed his firearms conviction. Defendant was resentenced on March 3, 1997, and the Sixth Circuit affirmed his new sentence on March 23, 1998. On June 14, 1999, Defendant filed a motion under 28 U.S.C. § 2255, raising numerous claims of ineffective assistance of counsel, police misconduct and prosecutorial misconduct. The court denied Defendant's § 2255 motion in an order dated June 7, 2001 and denied his motion for reconsideration on July 23, 2001. Defendant appealed the court's denials. On May 6, 2002, the Sixth Circuit denied his application for a certificate of appealability.

Defendant filed a January 21, 2003 motion to hold in abeyance the one-year statute of limitations for motions brought under Federal Rule of Civil Procedure 60(b), which the court denied on March 14, 2003. The Sixth Circuit denied Defendant's application for leave to file a second or successive § 2255 motion on September 27, 2004. Defendant then filed a November 3, 2004 motion for relief from judgment under

Rule 60(b).[1]  The court construed his motion as a second or successive § 2255 motion and transferred it to the Sixth Circuit.  The Sixth Circuit denied his second or successive § 2255 motion and denied his appeal of this court's order construing it as such, on December 15, 2005, and September 22, 2006, respectively.  Pending before the court is Defendant's March 19, 2008 "Motion to Vacate Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure."  For the reasons stated below, the court will deny the motion.

Federal Rule of Civil Procedure 60(b)(6) allows a court to "relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason that justifies relief." In Defendant's current motion, he claims that he is entitled to relief from judgment because the court's June 7, 2001 order denying his first § 2255 motion "appears not to have addressed several issues."  (Def.'s Mot. at 2.)

Defendant urges the court not to construe his motion as a second or successive § 2255 motion because it "does not attack this Court's previous resolution 'on the merits' of his initial § 2255 motion;" instead, he "seeks to correct a defect in the integrity of the federal habeas proceedings." (*Id*. at 6.)   Defendant is correct that a motion brought under Rule 60(b) should not be construed as a motion brought under § 2255 if the "motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Nailor v. United States*, 487 F.3d 1018, 1022 (6th Cir. 2007) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).  Arguably, alleging that the court entirely overlooked some of his claims could be considered a claim attacking the integrity of the habeas proceeding and

---

[1]This motion was erroneously docketed as a motion for reconsideration.

not the merits, although the most appropriate vehicle for this type of argument would be a motion for reconsideration under Eastern District of Michigan Local Rule 7.1(g). As a motion for reconsideration, Defendant's motion would be denied as untimely because Local Rule 7.1(g)(1) requires that "[a] motion for rehearing or reconsideration must be filed within 10 days after entry of the judgment or order." Even if the court were to construe Defendant's motion as a Rule 60(b) motion instead of a second or successive § 2255 or a motion for reconsideration, the motion would be denied for two reasons.

First, Rule 60(c)(1) requires that motions brought under Rule 60(b)(6) shall be filed "within a reasonable time." Defendant filed his present motion one year and six months after the last order from the Sixth Circuit denying his appeal and almost seven years after the court entered the order Defendant now contests. Under these circumstances, Defendant's motion cannot be considered filed within a reasonable time. Defendant's motion is therefore untimely and will be denied.

Even if timely, Defendant's motion would be denied on the merits. Defendant claims that the court failed to consider claims he raised on pages eighteen through thirty-nine of his initial § 2255 motion. All of the issues complained of in this large section of Defendant's § 2255 motion relate to "a supposed pattern of prosecutorial misconduct preceding and during the trial," and Defendant's attorney's alleged ineffective assistance for failing to object to, or otherwise address, the prosecutors' misconduct. (6/7/01 Order at 14.) In its June 7, 2001 order, the court denied these claims on a number of bases. First, the court found that "[n]o evidence is proffered in support of this claim, but rather a series of articulations that are in reality mere quarrels with the manner of presentation of the evidence." (*Id.*) Moreover, the court determined

that, "[t]o the extent that Petitioner is attempting to press a Fourth Amendment claim in this petition, he is foreclosed from doing so since he has had a full and fair opportunity to do so on direct appeal," (*id.* (citing *Stone v. Powell*, 428 U.S. 465, 469 (1976))), and that, "[i]n any event, the record reveals that the Fourth Amendment issues were in fact litigated before trial," (*id.*).  Finally, the court determined that "there is nothing in support of the claim that reveals constitutionally significant prosecutorial misconduct." (*Id.*)  The court therefore addressed all of Defendant's claims on the merits and the court rejects Defendant's present protestations to the contrary.  There is no basis upon which to grant Defendant's requested relief.  Accordingly,

IT IS ORDERED that Defendant's "Motion to Vacate Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure" [Dkt. # 182] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 25, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 25, 2008, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522