**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                             Case No. 94-81261

ROBERT J. MURILLO.

    Defendant.
                                         /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND
JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

      Pending before the court is Defendant Robert J. Murillo's "Motion To Alter Or Amend Judgment Pursuant To Federal Rule Of Civil Procedure 59(e)." Defendant requests that this court reconsider and alter or amend its April 25, 2008 order denying his "Motion to Vacate Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure." For the reasons below, the court will deny the motion.

## I. BACKGROUND

      Defendant was convicted by jury trial in December of 1995. On direct appeal, the Sixth Circuit Court of Appeals affirmed his drug convictions and reversed his firearms conviction. Defendant was resentenced on March 3, 1997, and the Sixth Circuit Court of Appeals affirmed his new sentence on March 23, 1998. On June 14, 1999, Defendant filed a motion under 28 U.S.C. § 2255, raising numerous claims of ineffective assistance of counsel, police misconduct, and prosecutorial misconduct. The court denied Defendant's § 2255 motion in an order dated June 7, 2001, and denied his motion for reconsideration of that order on July 23, 2001. Defendant appealed the

court's denials and, on May 6, 2002, the Sixth Circuit denied his application for a certificate of appealability. Defendant filed a January 21, 2003 motion to hold in abeyance the one-year statute of limitations for motions brought under Federal Rule of Civil Procedure 60(b), which the court denied on March 14, 2003. The Sixth Circuit denied Defendant's application for leave to file a second or successive § 2255 motion on September 27, 2004. Defendant then filed a November 3, 2004 motion for relief from judgment under Rule 60(b).[1] The court construed his motion as a second or successive § 2255 motion and transferred it to the Sixth Circuit. The Sixth Circuit denied his second or successive § 2255 motion and denied his appeal of this court's order construing it as such on December 15, 2005, and September 22, 2006, respectively. Defendant then filed a March 19, 2008 "Motion to Vacate Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure," which the court denied on April 25, 2008.

## II. STANDARD

Federal Rule of Civil Procedure 59(e) governs the altering or amending of judgment. Fed. R. Civ. P. 59(e). A district court maintains discretion when deciding a motion to amend a judgment under Rule 59(e). *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454-55 (6th Cir. 2003). "Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

---

[1] The motion was erroneously docketed as a motion for reconsideration.

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "collecting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Cican*, 156 F. Supp 2d 661, 668 (E.D. Mich. 2001). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp 951, 952 (E.D. Mich. 1997).

### III. DISCUSSION

Defendant argues that the court committed an error of law in its April 25, 2008 order denying his "Motion to Vacate Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure," because the court did not "specifically characterize" the motion as a Rule 60(b)(6) motion and failed to warn Defendant about the consequences of recharacterization. Defendant's argument lacks merit. The requirements that the Defendant cites concerning recharacterization under *Castro v. United States*, 540 U.S. 375 (2003), only apply when federal courts "ignore the legal label a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Id.* at 381 (citations omitted). In its April 25, 2008 order, the court did not ignore, nor recharacterize, the legal label Defendant attached to his motion in order to place it in a different legal category. Rather, Defendant labeled his motion as a "Motion to Vacate Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure"

(3/19/08 Motion), and the court denied Defendant's motion as a Rule 60(b) motion. (4/25/08 Order at 3). Specifically, the court held that Defendant's motion was untimely in light of the Rule 60(c)(1) requirement that motions brought under Rule 60(b)(6) shall be filed "within a reasonable time," and that even if Defendant's motion were timely, it would be denied on the merits. (*Id.*) Defendant has failed to show a "palpable defect" in the court's prior ruling.

Next, Defendant contends that the court erred in fact in holding that his Rule 60(b)(6) motion was time-barred. As support, Defendant cites *Gonzalez v. Crosby*, 545 U.S. 524 (2005), which held that a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction, and that such a motion can be ruled upon by the district court without precertification by the court of appeals pursuant to § 2244(b)(3).[2] *Id.* at 533-34. The Sixth Circuit has recently clarified in *Willis v. Jones* that, to the extent that a defendant's Rule 60(b) motion relates to the "procedural handling" of the habeas petition, such a motion should not be dismissed as a successive habeas petition. 2009 WL 1391429, at *5 (6th Cir. 2009). In his Rule 60(b)(6) motion, Defendant argued that the court failed to consider claims he raised in his initial § 2255 motion. As this court stated in its April 25, 2008 order denying Defendant's Rule 60(b)(6) motion, "[a]rguably, alleging that the court entirely overlooked some of his claims could be considered a claim attacking the integrity of the habeas proceeding and not the merits." (4/25/08

---

[2]Although the court in *Gonzalez* limited its holding to petitions under § 2254, the Sixth Circuit in *In Re Nailor*, 487 F.3d 1018, 1022-23 (6th Cir. 2007), held that the court's rationale applied to motions made pursuant to § 2255.

Order at 2-3.) Nevertheless, the question of whether these claims related to the procedural handling, or attacked the integrity of the habeas proceeding and not the merits, is a moot consideration. This court already ruled, in its June 7, 2001 order, that all of Defendant's § 2255 claims had been addressed on the merits and were denied. Defendant presents nothing for the court to conclude that ruling was in error. Furthermore, and perhaps more directly to the point, *Gonzalez* does not render Rule 60(c)(1) without effect. Rule 60(c)(1) requires a motion under Rule 60(b) to be made within a "reasonable time." Fed. R. Civ. P. 60(c)(1). More than seven years passed between the court's entry of judgment and Defendant's March 19, 2008 motion under Federal Rule of Civil Procedure 60(b)(6). The court cannot find such a lengthy filing delay to constitute a "reasonable time." Thus, the court properly found that Defendant's Rule 60(b)(6) motion was not filed within a reasonable time and, because Defendant does not now provide an obvious, clear, unmistakable, manifest or plain defect now, his current motion will be denied on that basis.

Defendant also argues that the court failed, in its June 7, 2001 order denying habeas relief, to address the "sub-section issues" of a witness advocate rule violation, a compulsion order and Rule 615 sequestration order violation, and the failure to raise the alleged prosecutorial misconduct on appeal. However, each of these "sub-section issues" fall wholly under the umbrella of ineffective assistance of counsel or prosecutorial misconduct claims which the court, in its June 7, 2001 order, specifically determined were unsupported.

Finally, Defendant contends that he was not afforded "a full and fair opportunity to present 'cause' through Habeas Rules 6, 7, and 8." (Def.'s Mot. 5). Providing

5

Defendant's *pro se* pleading a liberal construction, *Johnson v. CCA-Northeast Ohio Corr. Ctr. Warden*, 21 F. App'x 330, 332 (6th Cir. 2001) (citing *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999)), the court will attempt to decipher what Defendant avers regarding "cause." He appears to argue that this court erred in failing to find good cause to authorize further discovery in this case, thus undermining the integrity of his § 2255 proceedings. Habeas Rules 7 and 8 do not refer to "cause." *See* 28 U.S.C. foll. § 2255, R. 7, 8. Habeas Rule 6 states that:

> A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. . . . A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

28 U.S.C. foll. § 2255, R. 6(a)-(b). The Sixth Circuit has held that "[a] district court may, in the context of a habeas proceeding, permit discovery, provided that the habeas petitioner provides specific allegations showing reason to believe that the facts, if fully developed, may lead the district court to believe that federal habeas relief is appropriate." *Lott v. Coyle*, 261 F.3d 594, 602 (6th Cir. 2001). As an initial matter, Defendant in this case did not request discovery under Habeas Rule 6. Furthermore, in reviewing Defendant's June 14, 1999, § 2255 petition, the court found no reason to believe that the facts of this case could warrant habeas relief. This court found all of Defendant's claims to be unsupported, and the Sixth Circuit subsequently denied Defendant's application for certificate of appealability. Thus, Defendant's argument with respect to "cause" fails to demonstrate a palpable defect by which the court has been misled, and will be denied.

### III. CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant's "Motion To Alter Or Amend Judgment Pursuant To Federal Rule Of Civil Procedure 59(e)" [Dkt. # 185] is DENIED.

                                        s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: July 29, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 29, 2009, by electronic and/or ordinary mail.

                                        s/Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522