UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No. 94-81261

ROBERT J. MURILLO.

    Defendant.
                                        /

**OPINION AND ORDER DECLINING TO ISSUE DEFENDANT A CERTIFICATE OF APPEALABILITY AND DENYING DEFENDANT'S APPLICATION TO PROCEED ON APPEAL IN FORMA PAUPERIS**

This matter is before the court on Defendant Robert J. Murillo's application to proceed *in forma pauperis* on appeal and on the question of whether the court should issue a certificate of appealability.[1] For the reasons stated below, the court will deny Defendant a certificate of appealability and will deny Defendant's application to proceed on appeal *in forma pauperis*.

**I. BACKGROUND**

Defendant was convicted by jury trial in December of 1995. On direct appeal, the Sixth Circuit affirmed his drug convictions and reversed his firearms conviction. Defendant was resentenced on March 3, 1997, and the Sixth Circuit affirmed his new sentence on March 23, 1998. On June 14, 1999, Defendant filed a motion under 28 U.S.C. § 2255, raising numerous claims of ineffective assistance of counsel, police

---

[1]Defendant has not made a request for a certificate of appealability, but the Sixth Circuit has requested that the court either grant or deny a certificate of appealability. (10/5/09 Letter.)

misconduct, and prosecutorial misconduct. The court denied Defendant's § 2255 motion in an order dated June 7, 2001, and denied his motion for reconsideration of that order on July 23, 2001. Defendant appealed the court's denials and, on May 6, 2002, the Sixth Circuit denied his application for a certificate of appealability. Defendant filed a January 21, 2003 motion to hold in abeyance the one-year statute of limitations for motions brought under Federal Rule of Civil Procedure 60(b), which the court denied on March 14, 2003. The Sixth Circuit denied Defendant's application for leave to file a second or successive § 2255 motion on September 27, 2004. Defendant then filed a November 3, 2004 motion for relief from judgment under Rule 60(b).[2] The court construed his motion as a second or successive § 2255 motion and transferred it to the Sixth Circuit. The Sixth Circuit denied his second or successive § 2255 motion and denied his appeal of this court's order construing it as such on December 15, 2005, and September 22, 2006, respectively.

Defendant then filed a March 19, 2008 "Motion to Vacate Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure," which the court denied on April 25, 2008. On June 2, 2008, Defendant filed a "Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e)" asking the court to "reconsider and to alter or amend its Order of April 25, 2008." The court denied this motion on July 29, 2009. Defendant then filed a notice of appeal on August 6, 2009, and an application to proceed *in forma pauperis* on appeal on August 27, 2009.

---

[2] The motion was erroneously docketed as a motion for reconsideration.

## II. DISCUSSION

### A. Certificate of Appealability

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal is warranted. *Id.*

The court concludes that reasonable jurists would not find its ruling debatable. *Id.* The court denied Defendant's Rule 60(b) motion as untimely and on the merits. Defendant then filed a Rule 59(e) motion asking the court to reconsider this order, which the court denied. Defendant's Rule 60(b) motion was more than seven years after the court's entry of judgment. A reasonable jurist could not conclude that this was within a "reasonable time" as required by Federal Rule of Civil Procedure 60(c)(1). Moreover, the Sixth Circuit has observed that the "appropriateness of filing a Rule 59(e) motion based on the denial of an untimely Rule 60(b) motion is doubtful at best." *Spaulding v. Comm'r of Social Security*, 310 F. App'x 826, 828 (6th Cir. 2009). Regarding the merits, reasonable jurists could not conclude that the court failed to consider all of Defendant's claims or that Defendant was not afforded a full and fair opportunity to present his case. The court specifically addressed Defendant's ineffective assistance of counsel claims and prosecutorial misconduct claims in its June 7, 2001, order. As to discovery, Defendant never requested any under Habeas Rule 6 nor did Defendant identify any facts, that if developed, "may lead the district court to believe that federal habeas relief is appropriate." *Lott v. Coyle*, 261 F.3d 594, 602 (6th Cir. 2001). Accordingly, the court will deny Defendant a certificate of appealability.

### B. Application to Proceed *In Forma Pauperis*

Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]o determine that an appeal is in

good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000).

The court concludes that the appeal in this case is not taken in good faith because a reasonable person could not "suppose that the appeal has some merit." *Id.* As discussed above, Defendant's Rule 60(b) motion was untimely and without merit. Defendant has not identified any error in the court's decision to not reconsider or alter it under Rule 59(e), and thus any appeal of this decision would be without merit. *See* 28 U.S.C. § 1915(a)(3). Accordingly, the court will deny Defendant's application to proceed *in forma pauperis* on appeal.

### III. CONCLUSION

IT IS ORDERED that the Court DECLINES to issue Defendant a certificate of appealability.

IT IS FURTHER ORDERED that Defendant's "Application to Proceed in Forma Pauperis on Appeal" [Dkt # 190] is DENIED.

                                         s/Robert H. Cleland
                                         ROBERT H. CLELAND
                                         UNITED STATES DISTRICT JUDGE

Dated: October 15, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 15, 2009, by electronic and/or ordinary mail.

                                         s/Lisa Wagner
                                         Case Manager and Deputy Clerk
                                         (313) 234-5522