**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 94-81261

ROBERT J. MURILLO,

    Defendant.

_____/

**OPINION AND ORDER DENYING MOTION TO CORRECT CLERICAL ERROR**

      Defendant Robert Murillo is a federal prisoner at the Federal Correctional Institution in Milan, Michigan. In 1995, following a jury trial, he was convicted of conspiracy to possess with intent to distribute cocaine (21 U.S.C. § 846), possession of a firearm during a drug offense (18 U.S.C. § 924(c)(1)), and possession with intent to distribute marijuana (21 U.S.C. § 841(a)(1)). Murillo was sentenced to concurrent terms of 235 months' imprisonment for the drug offenses and a consecutive term of 60 months' imprisonment for the firearm conviction. The Sixth Circuit vacated the firearm conviction and remanded for resentencing. *See United States v. Murillo*, 99 F.3d 1140 (6th Cir. Oct. 15, 1996) (unpublished table disposition). On remand, the court ruled that Murillo's base offense level for the two drug convictions should be increased by two levels for possession of a dangerous weapon during certain drug offenses, pursuant to USSG § 2D1.1(b)(1), and resentenced Murillo to concurrent terms of 295 months' imprisonment. (Dkt. # 97, Pg. ID 449.) The Sixth Circuit upheld the two point increase to Murillo's base offense level. *See United States v. Murillo,* 142 F.3d 437 (6th Cir. Mar.

20, 1998) (unpublished table disposition). Murillo subsequently filed a series of motions unsuccessfully attempting to obtain relief from this sentence. *See Murillo v. United States Dep't of Justice*, 2014 WL 5361951, at *1 (E.D. Mich. Sept. 8, 2014) (Report and Recommendation), *accepted by* No. 13-cv-15273, 2014 WL 5361981 (E.D. Mich. Oct. 21, 2014) (unpublished) (listing nine motions filed by Murillo between 1999 and 2012, and recommending denying the motions for preliminary injunctive relief before the court).

Now before the court is Murillo's Motion to Correct Clerical Error (Dkt. # 195), filed pursuant to Federal Rule of Criminal Procedure Rule 36. Rule 36 provides, "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. The motion argues that the presentence report used during the resentencing contains two errors. First, it was error for the report to include Paragraph 26—which states that Murillo shot an individual who stole cocaine from his apartment—because the paragraph is related to the overturned firearms conviction and relies on inadmissible and false information. Second, various references to statutory penalties are inaccurate because they improperly reflect penalty provisions set forth in 21 U.S.C. § 841(b)(1)(A),[1] which requires a jury finding as to drug quantity, instead of 21 U.S.C. § 841(b)(1)(C), which does not require a jury finding as to quantity. However, nothing in the motion suggests that either of these alleged errors

---

[1] Murillo also alleges that the cover page of the presentence report reflects the penalty ranges set forth in § 841(b)(1)(B); however, these penalty ranges reflect those contained in § 841(b)(1)(A).

was clerical. "A clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Penson*, 526 F.3d 331, 335 (6th Cir. 2008) (citation omitted). "Rule 36 has been consistently interpreted as dealing only with clerical errors, not with mistakes or omissions by the court." *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004); *see also United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003) ("Rule 36 is a vehicle for correcting clerical mistakes but it may not be used to correct judicial errors in sentencing."). Accordingly,

IT IS ORDERED that the Motion to Correct Clerical Error (Dkt. # 195) is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: December 23, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 23, 2014, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522