UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Case No. 94-81261

ROBERT J. MURILLO,

    Defendant.
_____/

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION AND CORRECTION, DENYING WITHOUT PREJUDICE IN PART MOTION TO MODIFY CONDITIONS OF PROBATION, AND NOTIFYING THE PARTIES AS TO THE COURT'S INTENTION TO MODIFY DEFENDANT'S SUPERVISED RELEASE**

    Defendant Robert Murillo is a federal prisoner at the Federal Correctional Institution in Milan, Michigan. In 1995, following a jury trial, he was convicted of conspiracy to possess with intent to distribute cocaine (21 U.S.C. § 846), possession of a firearm during a drug offense (18 U.S.C. § 924(c)(1)), and possession with intent to distribute marijuana (21 U.S.C. § 841(a)(1)). Murillo was sentenced to concurrent terms of 235 months of imprisonment for the drug offenses and a consecutive term of 60 months of imprisonment for the firearm conviction. The Sixth Circuit vacated the firearm conviction and remanded for resentencing. *See United States v. Murillo*, 99 F.3d 1140 (6th Cir. Oct. 15, 1996) (unpublished table disposition). On remand, the court ruled that Murillo's base offense level for the two drug convictions should be increased by two levels for possession of a dangerous weapon during certain drug offenses, pursuant to USSG § 2D1.1(b)(1), and resentenced Murillo to concurrent terms of 295 months of imprisonment. (Dkt. # 97, Pg. ID 449.) The Sixth Circuit upheld the two point increase

to Murillo's base offense level. *See United States v. Murillo,* 142 F.3d 437 (6th Cir. Mar. 20, 1998) (unpublished table disposition).

Subsequently, the United States Sentencing Guidelines was amended to reduce all offense levels in Section 2D1.1(c) by two-levels, effective November 1, 2014. In response to the amendment, Murrillo filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. # 199, Pg. ID 541.) On December 4, 2014, the court granted Murrillo's motion and entered an amended judgment which reduced Murillo's sentence of imprisonment to 235 months and maintained all other provisions of the previous judgment. (Dkt. # 202, Pg. ID 572.) This includes supervised release for a term of five years upon release from prison. (Dkt. # 97, Pg. ID 451.)

Now before the court are (1) the government's Motion for Reconsideration and Correction (Dkt. # 205) which requests that the court set aside the December 4, 2014 order and judgment reducing Murillo's sentence[1] and (2) Murillo's Motion to Modify Conditions of Probation (Dkt. # 201). These matters are fully briefed, and, except as noted below, no hearing is needed. *See* E.D. Mich. LR 7.1(f)(2). For the reasons states below, the government's Motion for Reconsideration and Correction will be denied. Murillo's Motion to Modify Conditions of Probation will be denied without prejudice in part, and the court will notice its intention to modify the conditions of supervised release in other respects.

---

[1] The government filed a supplemental brief in support of its motion on January 23, 2015. (Dkt. # 208, Pg. ID 584.)

### I. Motion for Reconsideration and Correction

In support of its motion for reconsideration, the government argues that the court did not follow the proper protocol for processing motions based on 18 U.S.C. § 3582 (Dkt. # 205, Pg. ID 577) and relied on an U.S.S.G. § 1B1.10 report while sentencing Murillo which erroneously stated his offense score and criminal history category. (Dkt. # 208, Pg. ID 584-85.) The § 1B1.10 report calculates an offense score of 32 and a criminal history category of IV,[2] but, according to the government, Murillo's offense score should have been 34 and his criminal history category should have been V. (*Id.* at 585.) Pursuant to Local Rule 7.1(h), generally, for the court to grant a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect . . . but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). Even assuming that the court erred by following the improper protocol for processing Murillo's § 3582 motion and assuming that the court erred by relying on an incorrect § 1B1.10 report, the government's motion is properly denied. The government concedes that "Murillo is eligible for a sentence reduction under Amendment 782." (Dkt. # 208, Pg. ID 586.) Even if the court were to have followed the protocol referenced by the government and used the guidelines calculations suggested by the government, the court would have reduced Murillo's sentence from 295 months of imprisonment to 235 months of imprisonment, as this sentence is "sufficient, but not

---

[2]While the § 1B1.10 Report states that the revised criminal history category is IV, the Report states that the guidelines range is 188 to 235 months, which reflects a criminal history score of IV and an offense level of 32.

greater than necessary" to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(a).

The court has sentenced Murillo three times. Originally, on May 30, 1995, the court calculated Murillo's guidelines range to be 235 to 293 months for his drug offenses and sentenced him to the bottom of the range with an additional 60 months term of imprisonment for his firearm conviction, running consecutively. After his firearm conviction was vacated, on March 4, 1997, the court calculated a guidelines range of 292 to 365 months and sentenced Murillo to 295 months of imprisonment, which was near the bottom of the range. After Amendment 782 was adopted, the court calculated a guidelines range of 188 to 235 months and sentenced Murillo to the top of that range. The government suggests that the court should have calculated a guidelines range of 235 months to 293 months, perhaps to permit the court to impose a within-Guidelines sentence nearer the original 295 months. The 235 months sentence imposed by the court on December 4, 2014 falls within both the guidelines range calculated by the court on that date and the range suggested by the government. The court could have imposed a variance sentence near the originally imposed 295 months had the court thought it necessary. But, during Murillo's earlier two sentencings, the court imposed a term of imprisonment at or near the bottom of the guidelines range—and the court has concluded that retaining the 235 months sentence would again reflect a bottom of the guidelines range sentence even if the government's proffered calculation were accepted.

"[A] court's duty is always to sentence the defendant as he stands before the court on the day of sentencing." *Pepper v. United States*, 131 S. Ct. 1229, 1242 (2011)

4

(quoting *United States v. Bryson*, 229 F.3d 425, 426 (2d Cir. 2000)). Likewise, it is the court's statutory duty to impose a parsimonious sentence. *See* 18 U.S.C. § 3553(a). Just as a term of imprisonment of 235 months was a parsimonious sentence on December 4, 2014, the court would again find that a term of 235 months of imprisonment was a parsimonious sentence if it were to resentence Murillo today. A 235 months sentence is within the government's proffered guidelines range, and it is quite substantial (nearly 20 years). Because granting the government's motion would not "result in a different disposition of the case," E.D. Mich. LR 7.1(h)(3), the motion for reconsideration will be denied.

## II. Motion to Modify Conditions of Probation

Murillo requests that the court amend the terms and conditions of his supervised release by removing the following sections from his Judgment, which concern Murillo's period of supervised release:

> SUPERVISED RELEASE
> . . .
>
> 5. The defendant is prohibited from incurring any new credit charges or opening new lines of credit, individually or jointly, without the approval of the probation officer.
> . . .
>
> 10. The defendant shall not possess any pager, cellular telephone or other electronic portable communication device, nor shall he be in the company of any person who is in possession of such device.
> . . .
>
> STANDARD CONDITIONS OF SUPERVISION
> . . .
>
> 1) The defendant shall not leave the judicial district without the permission of the court or probation officer.

(Dkt. # 97, Pg. ID 451-51.)[3]

Murillo requests these amendments to his terms and conditions of supervised release primarily because these terms and conditions will presumptively restrict his ability to pursue a career as a "National/International Wholesale and Import/Export Agent." (Dkt. # 201, Pg. ID 563.) Murillo has not demonstrated that he has secured employment following his release which would be impacted by these terms and conditions of his supervised release. Therefore, it is premature to consider whether these terms and conditions should be modified in order to enable Murillo to obtain gainful employment.

Murillo also challenges Paragraph 10 on the ground that it "would force [him] to become a social derelict." (Dkt. # 201, Pg. ID 564.) The use of portable communication devices has become more common-placed since Murillo was sentenced in 1997. It would be difficult for a person to avoid "be[ing] in the company of any person who is in possession of such device" without being a social recluse. In addition, the court's principle reason for such a restriction, not articulated when the original sentence was

---

[3] Murillo challenges additional terms and conditions of supervised release in his reply to the government's response to Murillo's motion. (Dkt. # 214, Pg. ID 622-3.) "[I]t is well-settled that a party may not raise new issues for the first time in a reply brief; he can only respond to arguments raised for the first time in the respondent's response brief." *Resolution Trust Corp. v. Townsend Assoc. Ltd. P'ship*, 840 F. Supp. 1127, 1142 n.15 (E.D. Mich. 1993) (citing *United States v. Jenkins*, 871 F.2d 598, 602 n.3 (6th Cir. 1989)). "This well-settled rule generally is invoked where a party raises a new argument in support of the party's motion in its reply brief; however, the rule clearly also applies where a party completely changes in its reply brief the relief that it originally sought in its motion. In either context, the opposing party has not had an opportunity to respond to the movant's request." *Harris v. Lenawee Cnty.*, No. 07-11932, 2007 WL 4247639, at *1 (E.D. Mich. Dec. 4, 2007). The court will, therefore, not consider the new challenges raised in Murillo's reply brief.

pronounced but expressed on the record in other cases in later years, was to inhibit the defendant from being in the company of people using communications devices for what would reasonably appear to be illegal purposes. Therefore, pursuant to 18 U.S.C. § 3563(c) and Federal Rules of Criminal Procedure 32.1(c), the court is inclined to modify Paragraph 10 of Murillo's Supervised Release to state:

> 10. To inhibit defendant from using a significant tool of the trade of illegal drug distributors, the defendant shall not possess or use any type of cellular phone or mobile telecommunication device, without prior approval of the probation officer. Reasonable exceptions, for work related purposes, may be made by the Probation Department.

Pursuant to Federal Rules of Criminal Procedure 32.1(c), before modifying the conditions of supervised release, the court must hold a hearing unless "(A) the person waives the hearing; or (B) the relief sought is favorable to the person and does not extend the term of probation or of supervised release; and (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so." Fed. R. Crim. P. 32.1(c)(2). This opinion serves to notice the parties of the court intention to modify Paragraph 10 of Murillo's Supervised Release as described above. If Murillo waives his right to a hearing or if the government does not object to this modification by **May 1, 2015**, the court will issue a judgment amending Murillo's supervised release consistent with this opinion. Otherwise, the court will schedule a hearing on this issue.

### III. CONCLUSION

IT IS ORDERED that the Motion for Reconsideration and Correction (Dkt. # 205) is DENIED.

IT IS FURTHER ORDERED that the Motion to Modify Conditions of Probation (Dkt. # 201) is DENIED WITHOUT PREJUDICE IN PART. The motion is denied without prejudice with respect to Paragraphs 5 of Defendant Robert J. Murillo's "Supervised Release" (Dkt. # 97, Pg. ID 451) and Paragraph 1 of Defendant Robert J. Murillo's "Standard Conditions of Supervision" (*id.* at 452).

IT IS FURTHER ORDERED that, if Murillo waives his right to a hearing on this matter or if the government does not object to this modification by **May 1, 2015**, the court will grant the Motion to Modify Conditions of Probation (Dkt. # 201) and amend Paragraph 10 of Defendant Robert J. Murillo's "Supervised Release" (*id* at 451) consistent with this opinion. Alternatively, if Murillo does not waive his right and the government objects to the modification, the court will schedule a hearing on this issue.

    s/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: April 20, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 20, 2015, by electronic and/or ordinary mail.

    s/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522