UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                              Case No. 94-81261

ROBERT J. MURILLO,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART DEFENDANT'S MOTION TO MODIFY CONDITIONS OF PROBATION**

On November 26, 2011, Defendant Robert J. Murillo filed a Motion to Modify Conditions of Probation. (Dkt. # 201.) In the motion, Murillo requests that the court amend the terms and conditions of his supervised release by removing the following sections from his Judgment, which concern Murillo's period of supervised release:

    SUPERVISED RELEASE
    . . .

    5. The defendant is prohibited from incurring any new credit charges or opening new lines of credit, individually or jointly, without the approval of the probation officer.
    . . .

    10. The defendant shall not possess any pager, cellular telephone or other electronic portable communication device, nor shall he be in the company of any person who is in possession of such device.
    . . .

    STANDARD CONDITIONS OF SUPERVISION
    . . .

    1) The defendant shall not leave the judicial district without the permission of the court or probation officer.

(Dkt. # 97, Pg. ID 451-52.)

In an order dated April 20, 2015, the court ordered that the motion was denied without prejudice with respect to Paragraph 5 of the "Supervised Release" section and Paragraph 1 of the "Standard Conditions of Supervision" section. (Dkt. # 215, Pg. ID 645.) The court also notified the parties that, pursuant to 18 U.S.C. § 3563(c) and Federal Rules of Criminal Procedure 32.1(c), the court was inclined to amend Paragraph 10 of the "Supervised Release" to state:

> 10. To inhibit defendant from using a significant tool of the trade of illegal drug distributors, the defendant shall not possess or use any type of cellular phone or mobile telecommunication device, without prior approval of the probation officer. Reasonable exceptions, for work related purposes, may be made by the Probation Department.

(*Id.* at 644.)

Federal Rules of Criminal Procedure 32.1(c) provides that, before modifying the conditions of supervised release, the court must hold a hearing unless "(A) the person waives the hearing; or (B) the relief sought is favorable to the person and does not extend the term of probation or of supervised release; and (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so." Fed. R. Crim. P. 32.1(c)(2). On May 1, 2015, Murillo notified the court that he waives his right to a hearing and agrees with the proposed modification to his supervised release. (Dkt. # 216, Pg. ID 646.) Likewise, the government filed a response informing the court that it does not oppose the proposed


modification or request a hearing. (Dkt. # 217, Pg. ID 650.) Therefore, for the reasons stated in the court's April 20, 2015 order,

IT IS ORDERED that Defendant Robert Murillo's Motion to Modify Conditions of Probation (Dkt. # 201) is GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART. It is granted inasmuch as Paragraph 10 of Defendant Robert J. Murillo's "Supervised Release" (Dkt. # 97, Pg. ID 451) will be amended to state:

> 10. To inhibit defendant from using a significant tool of the trade of illegal drug distributors, the defendant shall not possess or use any type of cellular phone or mobile telecommunication device, without prior approval of the probation officer. Reasonable exceptions, for work related purposes, may be made by the Probation Department.

It is denied without prejudice in all other respects.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: June 3, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 3, 2015, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522